**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MARLON ABRAHAM ROSASEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 26-01144 (UNA) |
| | ) | |
| | ) | |
| KINGDOM OF NORWAY *et al.*,    , | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, appearing *pro se*, sues the Kingdom of Norway and affiliated entities and individuals and seeks leave to proceed *in forma pauperis* (IFP).  For the following reasons, the court grants Plaintiff's IFP motion and dismisses the perplexing complaint.

Although *pro se* complaints are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must comport with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) requires that a complaint contain a short and plain statement of (1) the grounds for the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) the relief demanded. Fed. R. Civ. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  For clarity, a plaintiff "must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  The pleading rules ensure that defendants receive fair notice of the claim being asserted so that they

can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  They also assist the court in determining whether it has jurisdiction over the subject matter.  If the court determines at any time that it lacks subject-matter jurisdiction, it "must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

The 144-page "Complaint for Damages & Injunctive Relief: Child Abduction & Wrongful Retention under Color of Law," ECF No. 1 at 1, is far from clear.[1]  It asserts, among other wrongs, violations of the Alien Tort Statute, the Vienna Convention on Consular Relations, the Federal Wiretap Act, and the Racketeer and Influenced Corrupt Organizations Act.  *Id*. at 3.  A complaint, as here, that "is excessively long, rambling, disjointed, incoherent, [and] full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will a complaint, as here, "that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (citations omitted).

Plaintiff has not alleged a cogent set of facts "to give" each defendant "fair notice" of a claim "and the grounds upon which it rests[.]" *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016). Most importantly, the Foreign Sovereign Immunities Act (FSIA) "holds foreign states and their instrumentalities immune from the jurisdiction of federal and state courts" save exceptions set out

---

[1]    The complaint includes more than 2,900 pages of exhibits, ECF Nos. 1-2 through 1-39, which this court has no duty "to sift and sort through" in search of a claim.  *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996); *see Osahar v. U.S. Postal Service*, 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) ("to force the parties and the court to sift through an additional 100 pages of [complaint exhibits]would frustrate the purpose of Rule 8(a)(2)").

in the Act.  *Opati v. Republic of Sudan*, 140 S. Ct. 1601, 1605 (2020).  The Ninth Circuit Court of Appeals previously rejected Plaintiff's assertions under the commercial tort exception, 28 U.S.C. § 1605(a)(2), and the domestic tort exception, *id*. § 1605(a)(5).  *See Rosasen v. Kingdom of Norway*, 2024 WL 1612235, at *1-2 (9th Cir. Apr. 15, 2024) (concluding "Norway is immune from suit under the FSIA because Rosasen has not pointed to any applicable exception to sovereign immunity").  The instant complaint, to the extent intelligible, alleges substantially the same facts and asserts the same exceptions to the FSIA.  Therefore, this case will be dismissed by separate order.

_____/s/_____
TANYA S. CHUTKAN
Date: June 29, 2026                         United States District Judge

3